# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

_____

DOLEZAL FAMILY LIMITED
PARTNERSHIP, individually and
derivatively on behalf of
CHESAPEAKE ENERGY
CORPORATION,

                Plaintiff,

v.

AUBREY K. MCCLENDON,
RICHARD K. DAVIDSON, V.
BURNS HARGIS, FRANK A.
KEATING, BREENE M. KERR,
CHARLES T. MAXWELL, DON L.
NICKLES, FREDERICK B.
WHITTEMORE, MARCUS C.
ROWLAND, MICHAEL A.
JOHNSON, and MERRILL A.
MILLER, JR.,

                Defendants,

and

CHESAPEAKE ENERGY
CORPORATION,

                Nominal Defendant.

_____

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 5:12-cv-00477-M

[Additional captions on following pages]

**PLAINTIFFS DEBORAH G. MALLOW IRA SEP INVESTMENT PLAN'S,
CHRISTOPHER SYNDER'S, DOLEZAL FAMILY LIMITED PARTNERSHIP'S,
BRIAN F. LEONARD'S, THE DAVID A. KROLL INC. EMPLOYEES' PROFIT-
SHARING PLAN AND TRUST'S, AND NORMAN SPIEGEL'S  OPPOSITION
TO PLAINTIFF GREG ERICKSON'S MOTION TO APPOINT LEAD COUNSEL**

DEBORAH G. MALLOW IRA SEP                    :
INVESTMENT PLAN                              :   Civil Action No. 5:12-cv-00436-M
CHRISTOPHER SNYDER,                          :
individually and derivatively on behalf     :
of CHESAPEAKE ENERGY                         :
CORPORATION,                                 :
                                             :
                          Plaintiff,         :
                                             :
v.                                           :
                                             :
AUBREY K. MCCLENDON,                         :
RICHARD K. DAVIDSON, V.                      :
BURNS HARGIS, FRANK A.                       :
KEATING, BREENE M. KERR,                     :
CHARLES T. MAXWELL, DON L.                   :
NICKLES, FREDERICK B.                        :
WHITTEMORE, MARCUS C.                        :
ROWLAND, MICHAEL A.                          :
JOHNSON, and MERRILL A.                      :
MILLER, JR.,                                 :
                                             :
                          Defendants,        :
                                             :
and                                          :
                                             :
CHESAPEAKE ENERGY
CORPORATION, Nominal Defendant.

|  |  |  |
|---|---|---|
|  | : |  |
| CHRISTOPHER SNYDER, | : | Civil Action No. 5:12-cv-00437-M |
| individually and derivatively on behalf | : |  |
| of CHESAPEAKE ENERGY | : |  |
| CORPORATION, | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| AUBREY K. MCCLENDON, | : |  |
| RICHARD K. DAVIDSON, V. | : |  |
| BURNS HARGIS, FRANK A. | : |  |
| KEATING, BREENE M. KERR, | : |  |
| CHARLES T. MAXWELL, DON L. | : |  |
| NICKLES, FREDERICK B. | : |  |
| WHITTEMORE, MARCUS C. | : |  |
| ROWLAND, MICHAEL A. | : |  |
| JOHNSON, and MERRILL A. | : |  |
| MILLER, JR., | : |  |
|  | : |  |
|  | : |  |
| Defendants, | : |  |
|  | : |  |
| and | : |  |
|  | : |  |
|  | : |  |
| CHESAPEAKE ENERGY | : |  |
| CORPORATION, Nominal Defendant. | : |  |

|  |  |  |
|---|---|---|
| BRIAN F. LEONARD, individually and derivatively on behalf of CHESAPEAKE ENERGY CORPORATION, | : | Civil Action No. 5:12-cv-00479-M |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| AUBREY K. MCCLENDON, RICHARD K. DAVIDSON, V. BURNS HARGIS, FRANK A. KEATING, BREENE M. KERR, CHARLES T. MAXWELL, DON L. NICKLES, FREDERICK B. WHITTEMORE, MARCUS C. ROWLAND, MICHAEL A. JOHNSON, and MERRILL A. MILLER, JR., | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| Defendants, | : |  |
|  | : |  |
| and | : |  |
|  | : |  |
| CHESAPEAKE ENERGY CORPORATION, Nominal Defendant. | : |  |
|  | : |  |

|  |  |  |
|---|---|---|
|  | : |  |
| JACOB SHOCHAT, individually and derivatively on behalf of CHESAPEAKE ENERGY CORPORATION, | : | Civil Action No. 5:12-cv-00488-M |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| AUBREY K. MCCLENDON, RICHARD K. DAVIDSON, V. BURNS HARGIS, FRANK A. KEATING, BREENE M. KERR, CHARLES T. MAXWELL, DON L. NICKLES, FREDERICK B. WHITTEMORE, MARCUS C. ROWLAND, MICHAEL A. JOHNSON, and MERRILL A. MILLER, JR., | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| Defendants, | : |  |
|  | : |  |
| and | : |  |
|  | : |  |
|  | : |  |
| CHESAPEAKE ENERGY CORPORATION, Nominal Defendant. | : |  |

DAVID A. KROLL INC.
EMPLOYEES' PROFIT-SHARING
PLAN AND TRUST, derivatively on
behalf of CHESAPEAKE ENERGY
CORPORATION,

                      Plaintiff,

v.

AUBREY K. MCCLENDON,
RICHARD K. DAVIDSON, V.
BURNS HARGIS, FRANK A.
KEATING, BREENE M. KERR,
CHARLES T. MAXWELL, DON L.
NICKLES, FREDERICK B.
WHITTEMORE, MARCUS C.
ROWLAND, MICHAEL A.
JOHNSON, and MERRILL A.
MILLER, JR.,

                      Defendants,

and

CHESAPEAKE ENERGY
CORPORATION,

                Nominal Defendant.

Civil Action No. 5:12-cv-00493-M

STEPHEN ROBACZYNSKI ,
individually and derivatively on behalf
of CHESAPEAKE ENERGY
CORPORATION,

                                 Plaintiff,

v.

AUBREY K. MCCLENDON,
RICHARD K. DAVIDSON, V.
BURNS HARGIS, FRANK A.
KEATING, BREENE M. KERR,
CHARLES T. MAXWELL, DON L.
NICKLES, FREDERICK B.
WHITTEMORE, MARCUS C.
ROWLAND, MICHAEL A.
JOHNSON, and MERRILL A.
MILLER, JR.,

                               Defendants,

and

CHESAPEAKE ENERGY
CORPORATION, Nominal Defendant.

Civil Action No. 5: 12-cv-00501-M

|  |  |  |
|---|---|---|
| NORMAN SPIEGEL, individually and derivatively on behalf of CHESAPEAKE ENERGY CORPORATION, | : : : : : : | Civil Action No. 5:12-cv-00502-M |
| Plaintiff, | : : | |
| v. | : : | |
| AUBREY K. MCCLENDON, RICHARD K. DAVIDSON, V. BURNS HARGIS, FRANK A. KEATING, BREENE M. KERR, CHARLES T. MAXWELL, DON L. NICKLES, FREDERICK B. WHITTEMORE, MARCUS C. ROWLAND, MICHAEL A. JOHNSON, and MERRILL A. MILLER, JR., | : : : : : : : : : : : | |
| Defendants, | : : | |
| and | : : | |
| CHESAPEAKE ENERGY CORPORATION, Nominal Defendant. | : : | |

## INTRODUCTION

Deborah G. Mallow IRA SEP Investment Plan ("Mallow"), Christopher Snyder ("Synder"), the Dolezal Family Limited Partnership ("Dolezal"), Brian F. Leonard ("Leonard"), the David A. Kroll Inc. Employees' Profit-Sharing Plan and Trust ("Kroll"), and Norman Spiegel ("Spiegel") (collectively "Movants"), respectfully submit this memorandum in opposition to Plaintiff Greg Erickson's Motion To Consolidate and Appoint Lead Counsel (*Erickson* Docs. 15 & 17) and in further support of Movants' prior motion for consolidation and appointment of lead counsel.

By this motion, the same lawyers who are counsel in the 2008 derivative actions brought by M. Lee Arnold and James Clem that already have been stayed by this Court, now seek to have themselves appointed as co-lead counsel in the 2012 derivative actions.[1]  The current set of papers not only parrots the papers Robbins Umeda LLP and Holzer Holzer & Fistel, LLC attempted to submit in the *Deborah G. Mallow IRA SEP Investment Plan v. McClendon, et al.*, 5:12-cv-00436 (*Mallow* Doc. No. 26) and *Dolezal Family Limited Partnership v. McClendon, et al.*, C.A. 5:12-cv-00477 (*Dolezal* Doc. 12) actions but was filed along with an "amended" complaint less than one week after the Court denied counsel's motion to lift the stay in the *Arnold* and *Clem* actions.  *Erickson's* counsel no more meets the requirements of lead counsel for the 2012 derivative case today than it did in May 2012.  In fact, as discussed below, the actions taken by

---

[1]     The stayed actions are *M. Lee Arnold v. McClendon, et al.*, Case No. 5:11-cv-00985-M and *James Clem v. McClendon, et al.*, Case No. 5:11-cv-997-M.  Further complicating matters, the latest motion for appointment of lead counsel now includes an additional firm, Johnson & Weaver LLP, who appears on the *Erickson* complaint.

*Erickson's* counsel are nothing more than lawyer driven gamesmanship and an attempt to ride two horses to see which would be the fastest to get them appointed as lead counsel in the 2012 derivative cases.

The appointment of lead counsel, which remains within the discretionary powers of the Court, is best informed by the guiding principle of who will best serve the interests of all plaintiffs.  Here the leadership structure proposed by six of the named plaintiffs appointing three firms, Lovell Stewart Halebian, LLP, Abbey Spanier Rodd & Abrams, LLP, and Harwood Feffer LLP continues to be in the best interests of all plaintiffs.  In addition to their collective experience, which has resulted in the recovery of hundreds of millions of dollars and important changes to corporate governance in derivative actions, Movants' proposed co-lead counsel have already demonstrated their vigor in pursuit of this action.  Most notably, these were the only firms who stepped forward to bring a motion for preliminary injunction. The careful drafting of motion papers, marshalling of additional evidence, and presentation made at the hearing has already demonstrated for this Court the thoroughness and commitment of these counsel.

Separating the unnecessary *ad hominem* attacks from Erickson's other arguments, it appears that the principal argument for why the last-filed plaintiff should have his counsel named as lead is because he has filed an amended complaint.  The *Erickson* amended complaint, however, is neither new nor carefully drafted. The amended complaint is simply a shorter version (removing the 2008 allegations) of the complaint that Erickson's counsel sought to file in *Arnold* and *Clem* had the stay been lifted.  Indeed in the rush to cut and paste the "new" complaint, Erickson's counsel failed to change

internal paragraph number references and failed to edit "plaintiffs" to "plaintiff." The proposed amended complaint does not appear to be the result of the "substantial time and resources" that *Erickson's* counsel claims to have devoted to the task.

On the other hand, Movants' proposed organizational structure more clearly meets the factors for appointment suggested by the Manual for Complex Litigation and is supported by the majority of plaintiffs. Therefore, Movants respectfully request that the Court deny the *Erickson* motion for leadership and appoint Lovell Stewart Halebian, LLP, Abbey Spanier Rodd & Abrams, LLP, and Harwood Feffer LLP as co-lead counsel for the 2012 derivative actions.[2]

## PROCEDURAL BACKGROUND

Before the Court are three pending motions for consolidation and appointment of lead counsel. On May 1, 2012, Plaintiff Dolezal moved for consolidation and leadership. (*Dolezal* Docs. 7 & 8) On May 3, 2012, Plaintiffs Mallow, Synder, and Leonard cross-moved for leadership. (*Mallow* Doc. 19) On May 9, 2012, Plaintiff Jacob Shochat ("Shochat") cross-moved for appointment as lead counsel. (*Shochat* Doc. 7) On May 16, 2012, In the interest of moving the case forward, Plaintiffs Dolezal, Mallow, Synder, Leonard, joined by Plaintiffs Kroll and Spiegel, filed a response in support of a consolidated leadership structure and in opposition to Shochat's cross-motion for leadership. (*Mallow* Doc. 19) Even though counsel for Arnold and Clem did not file an

---

[2]   For all of the reasons set forth in Plaintiffs Mallow, Synder and Leonard's opposition to Shochat's appoint of lead counsel (*Mallow* Doc. 19), Movants also respectfully request that the Court deny Shochat's cross motion for the appointment as lead counsel.

appearance in any of the 2012 derivative cases on May 22, 2012, they attempted to file an opposition to the motion for leadership in the *Mallow*, *Dolezal* and *Shochat* cases. (*Mallow* Docs. 26 & 27; *Dolezal* Docs. 12 & 13; *Shochat* Docs. 11 & 12)  Given that this opposition was inappropriately filed, Movants' counsel chose to continue litigating the case on behalf of Chesapeake and its shareholders and not to respond to the *Arnold* and *Clem* opposition.  On June 5, 2012, the law firm of Johnson & Weaver filed the *Erickson* complaint in the 2012 derivative actions.  While this complaint did not include counsel for *Arnold* and *Clem*, the complaint mirrored the proposed amended complaint filed by those counsel in connection with the unsuccessful motion to lift the stay.  On June 27, 2012, counsel for *Erickson*, adding Robbins Umeda and Holzer Holzer as counsel, filed a slapped-together amended complaint.  The next day, on June 28, 2012, Plaintiff Erickson, with his additional new counsel, moved for consolidation and appointment as lead counsel and further moved for expedited briefing.  (*Erickson* Docs. 14, 15, 17).  On June 28, 2012, the Court granted the motion to expedite and set July 5, 2012 as the date for any response to the *Erickson* motion. (*Erickson* Doc. 16)

## ARGUMENT

## I.   ALL PARTIES AGREE THAT THE 2012 DERIVATIVE ACTIONS SHOULD BE CONSOLIDATED

Throughout all of the motions and cross-motions filed by various plaintiffs, all plaintiffs agree that consolidation of the recently-filed derivative action pursuant to Rule 42(a) of the Federal Rules of Civil Procedure is appropriate and just. The actions collectively focus on the alleged failures of the Chesapeake board of directors to honor

their fiduciary duties with respect to monitoring and controlling the self-dealings of defendant Aubrey K. McClendon. As there are common issues of both fact and law found in all of the 2012 derivative cases, theses actions should be consolidated.

## II.   APPOINTMENT OF MOVANTS' PROPOSED CO-LEAD COUNSEL STRUCTURE WILL BEST SERVE TO ADVANCE THE INTERESTS OF THE COMPANY AND ITS SHAREHOLDERS

### A.   The Earlier Attempt by Erickson's Counsel To Control This Litigation Previously Was Denied And Should Not Now Be Permitted Through A Newly-Filed Action

Movants submit that counsel for *Erickson* are engaging in a remarkable demonstration of gamesmanship by filing a new action and seeking leadership after their previous attempt at lifting a voluntary stay was denied.  Erickson's counsel, who are the same as counsel in the *Arnold* and *Clem* actions, sought to lift the stay that they had previously agreed to in order to prosecute the 2012 derivative claims. A proposed amended complaint was submitted to this Court in *Arnold* on May 3, 2012. (*Arnold* Doc. 44, Ex. 1).  Hedging their bet on whether the stay would be lifted, the *Arnold* and *Clem* counsel caused a new action to be filed by plaintiff Erickson on June 5, 2012, even though they continued to argue that the 2008 and 2012 allegations were one and the same.  Just one week, after this Court denied *Arnold* and *Clem's* counsel's motion to lift the stay on June 20, 2012 (*Arnold* Doc. 68), these counsel were added to an "amended complaint" filed in *Erickson* on June 27, 2012.

The *Erickson* amended pleading is virtually the same as the *Arnold* proposed amended complaint after excising allegations concerning the 2008 derivative claims which this Court had found to be separate.  (Compare *Arnold* Doc. 44, Ex. 1 to *Erickson*

Doc. 11)  Seeking to relitigate what was previously been denied to them by this Court, Erickson's counsel uses the amended complaint as their principal justification to be appointed lead counsel.  Erickson's counsel trumpets that it engaged in a "meticulous and ongoing investigation into the new allegations and devoted substantial time and resources to prepare a comprehensive amended complaint." (*Erickson* Doc. 15 at 3-4)  In reality, Erickson's counsel took its *Arnold* and *Clem* proposed amended complaint and simply removed the 2008 allegations.[3]  Clearly in a hurry to file before the Court decided the pending motions for lead counsel, Erickson's counsel failed to even proof read its cut and paste job and failed to change internal paragraph citations that still reference the *Arnold* and *Clem* proposed amended complaint.[4]  (Compare *Erickson* amended complaint paragraphs 89 and 140 with paragraphs 176 and 229 of *Arnold* proposed amended complaint).   Further, the *Erickson* action (where three firms seek to represent one plaintiff) differs from the *Arnold* and *Clem* actions where there were multiple plaintiffs.  The *Erickson* complaint however, continues to reference multiple plaintiffs instead of a single plaintiff.

Erickson's attempt to file a place holder complaint well after other firms had done their own research and investigation of the 2012 allegations does not advance the interests of Chesapeake and its shareholders, but rather is designed to obtain a leadership

---

[3]     Had "substantial" time and resources been devoted, one would have expected newly uncovered allegations to be found in an amended complaint; such as the fact that on June 26, 2012, it was disclosed that Chesapeake overpaid for many of its oil and gas leases.

[4]     At a minimum, proofreading would have prevented the repeated typographical errors such as the reference to McClendon's "wedge fund," instead of his hedge fund. See Paragraph No. 5 in both the *Arnold* and *Erickson* complaints.

position for Erickson's counsel.[5]   Movants do not believe that such tactical maneuvering is appropriate or should be rewarded.

### B.   Movants Have Already Submitted Detailed Pleadings

The Court may look to factors, including but not limited to, such as the quality of pleadings in making the determination who to appoint as lead counsel.   *Moradi v. Adelson*, 2011 U.S. Dist. LEXIS 122428, at *7 (D. Nev. Oct. 20, 2011).   In making this assessment, the Court should consider all filings and not just the respective complaints. The quality of Movants' work is already well-known to the Court not only through the initial complaints filed, but also through the pleadings submitted in support of their motion for preliminary injunction.[6]   (*Mallow* Doc. 18)   Movants demonstrated not only an excellent command of guiding legal authority, but also marshaled substantial evidence that was submitted in favor of the injunction.   (*Mallow* Doc. 54)   Movants respectfully contend that, while Erickson's counsel was maneuvering for appointment as lead counsel through the *Arnold* and *Clem* actions, Movants' counsel more importantly was prosecuting the merits of the action.

The quality of the *Erickson* pleadings, which consists only of a copied complaint and amended complaint, do not demonstrate that they are the result of original effort any

---

[5]      In opposing the *Arnold* and *Clem* motion to lift the voluntary stay, counsel for Defendants correctly pointed out that cases asserting the 2012 derivative allegations were adequately represented without lifting the stay.   (*Arnold* Doc. 53 at 3)

[6]      Recognizing the limited time frame before the annual meeting, Movants, who had individually moved for lead counsel compromised their interests by agreeing to a proposed co-lead leadership structure and moved forward with the preliminary injunction motion. By working cooperatively, Movants put the interests of Chesapeake and its shareholders ahead of their own interests.

greater than the Movants' original complaints. As noted above, the amended complaint is sloppy redo of the earlier filings in *Arnold* and *Clem*. Also, the Declaration of Jay Razzouk purportedly submitted in support of the *Erickson* leadership motion was not even original work as it has previously filed in the *Arnold* and *Clem* actions on May 22, 2012 in support of the motion to lift the stay. (Compare *Arnold* Doc. 57 and *Erickson* Doc. 17, Ex. 2)

The claim of Erickson's counsel that plaintiffs in the 2012 derivative cases engaged in a "blatant rush" to file complaints is misplaced and without merit. What Erickson's counsel fails to acknowledge is that time was of the essence in filing a complaint where Chesapeake had already filed preliminary proxy materials. It was only through the expedient filing of the complaints that the preliminary injunction could be timely sought after it was announced that a shareholder meeting date had been set and the final proxy issued.[7] To do otherwise, would have been a dereliction of the duty to protect the interests of Chesapeake and its shareholders.

### C. Movants Have Already Pursued The 2012 Derivative Claim With More Vigor Than Erickson

Where there are competing motions for leadership, a court may look to who has demonstrated a firm commitment to vigorously prosecute an action. *Sklar v. Bank of Am.*

---

[7]    Erickson's counsel cast aspersions on Movants' attempt to enjoin the Chesapeake shareholder meeting by pointing out that the motion was denied. While it is easy to make such an argument in hindsight, it misses the point that the written, investigatory, and preparatory work leading up to the injunction hearing was all evidence of Movants' willingness to work and their diligence in prosecuting the derivative claims. Further, it was through Movants' efforts that greater attention was drawn to the issues concerning the election of directors, who were subsequently forced to resign from the board after a no-confidence vote.

*Corp.*, 258 F.R.D. 260 (S.D.N.Y. 2009). For comparison on this point, the Court has the Movants, who independently drafted initial complaints, drafted a preliminary injunction motion, gathered evidence, and presented the injunction, and Erickson's counsel, who filed a complaint largely recycled from the *Arnold* and *Clem* actions. Movants' counsel has also entered into a stipulation with defendants concerning the filing of an amended complaint after appointment of lead counsel, served draft discovery requests, and engaged in a meet and confer with defendants concerning discovery.

Erickson's counsel attempts to justify its failure to move for injunctive relief by stating that it had considered and rejected such a course of action. Indeed, Erickson's counsel could not so move as it was stayed from doing so in *Arnold* and *Clem* and could not do so in *Erickson*, which was filed three weeks after Movants' already had sought injunctive relief. Movants sought injunctive relief on May 15, 2012 and Erickson filed his complaint on June 5, 2012. (*Mallow* Doc. 18 and *Erickson* Doc. 1)

Consideration of diligence and vigor alone justifies the appointment of Movants' co-lead structure and argues against appointment of Erickson's counsel.

**D.     The Qualifications Of Movants' Counsel Exceed Or Are Equal To That Of Erickson's Counsel**

All firms seeking leadership have some experience in the prosecution of derivative litigation. However, the capabilities of Movants' counsel substantially exceeds that of Erickson's counsel. Movants' counsel has submitted their firm resumes for the Courts' consideration (*Mallow* Doc. 15, Ex. 5 and Ex. 6 and *Dolezal* Doc. 8, Ex. 1) and discussed their substantial experience in the prosecution of derivative actions at length in the

Opposition to Shochat's Motion for Appointment as Lead Counsel. (*Mallow* Doc. 19 at 9-10).   Moreover in a direct comparison between Harwood Feffer LLP and Robbins Umeda LLP, the court in the Newmont Mining derivative litigation selected Harwood Feffer over Robbins Umeda to serve as lead counsel. *See Staehr v. Murdy*, D. Colorado 05-cv-1084, Reported Transcript, December 15, 2005 at 26 ("I am presented with an apparent competency by both [firms], but I think the record is also that the Blaz plaintiff [represented by Harwood Feffer] has more background, more experience.")

Erickson's counsel does not have any greater experience in the instant litigation simply by having been appointed lead counsel in *Arnold* and *Clem*.   Erickson's counsel disingenuously states that it should be permitted to have a "continued leading role" in the 2012 derivative litigation. (*Erickson* Doc. 15 at 11)   To be clear, all that Erickson's counsel has done to date is to file the *Arnold* and *Clem* actions in September 2011, voluntarily agree to a stay pending resolution of an earlier-filed state derivative action, unsuccessfully move to lift the stay after new allegations came to light, and filed a new action with a preexisting complaint and a new plaintiff.   These efforts are hardly deserving of appointment of lead counsel ahead of the co-lead structure supported by the many firms that have worked cooperatively and substantively advanced the litigation.

**E.   Other Factors Favor Appointment of Movants' Counsel**

In a derivative action where twelve separate cases have been filed, it will be incumbent upon appointed lead counsel to work cooperatively with all counsel to present the best case possible and secure the maximum benefit for Chesapeake and its shareholders.   Movants' counsel has already attempted to do so and will continue to do so

if appointed lead counsel.  Courts may consider whether parties are able to cooperatively work together in determining who best to serve as lead counsel.  *In re Foundry Networks, Inc. Derivative Litig.*, 2007 U.S. Dist. LEXIS 13148, at *4 (N.D. Cal. Feb. 12, 2007)  Movants' counsel represents the largest number of cases that have agreed to cooperatively work together.  Moreover, Movants' counsel has and will continue to solicit the input from all firms who have filed 2012 derivative cases.

Likewise, if the Court chooses to consider which representative plaintiff has the largest stake in the company and therefore who may be most interested in prosecuting the maximum recovery for the company, it is clear that the plaintiffs supporting appointment of Movants' counsel have the largest financial interest.  *Chester County Employees' Retirement Fund v. White*, 2012 U.S. Dist. LEXIS 51932 (N.D. Ill. Apr. 13, 2012).  As described more fully in Movants' Opposition to Jacob Schochat's motion for appointment, Kroll has the largest individual financial interest of all representative plaintiffs with estimate losses exceeding $170,000 and ownership of stock worth more than $302,000 during the past year.  (*Mallow* Doc. 19 at 6)  Erickson has not provided any *bona fides* as to his losses or continuing stock ownership in Chesapeake.

## CONCLUSION

For the reasons set forth herein, Plaintiffs Deborah G. Mallow IRA SEP Investment Plan, Christopher Snyder, the Dolezal Family Limited Partnership, Brian F. Leonard, the David A. Kroll Inc. Employees' Profit-Sharing Plan and Trust, and Norman Spiegel request that the Court consolidate the derivative actions, deny Erickson's motion

for appointment of leadership, and appoint Lovell Stuart Halebian LLP, Abbey Spanier

Rodd & Abrams, LLP, and Harwood Feffer LLP as Co-Lead Derivative Counsel.

Dated July 5, 2012          By:    /s Matthew M. Houston
                         Robert I. Harwood
                         Matthew M. Houston
                         HARWOOD FEFFER LLP
                         488 Madison Avenue
                         New York, NY 10022
                         Tel:  (212) 935-7400
                         rharwood@hfesq.com
                         mhouston@hfesq.com
                         *Attorneys for Plaintiff Dolezal Family Limited Partnership and David A. Kroll Employees' Profit-Sharing Plan and Trust, and Proposed Co-Lead Counsel for Plaintiffs*

                         Nancy Kaboolian
                         Stephanie Amin-Giwner
                         ABBEY SPANIER RODD & ABRAMS, LLP
                         212 East 39th Street
                         New York, NY  10016
                         Tel:  (212) 889-3700
                         nkaboolian@abbeyspanier.com
                         *Attorneys for Plaintiff Christopher Snyder and Proposed Co-Lead Counsel for Plaintiffs*

                         John Halebian
                         LOVELL STEWART HALEBIAN LLP
                         Midtown Office
                         317 Madison Avenue, 21st Floor
                         New York, NY  10017
                         Tel:  (212) 500-5010
                         jhalebian@lshllp.com
                         *Attorneys for Plaintiff Deborah G. Mallow IRA SEP Investment Plan and Proposed Co-Lead Counsel for Plaintiffs*

Richard A. Lockridge
Gregg M. Fishbein
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Facsimile: (612) 339-0981
ralockridge@locklaw.com
gmfishbein@locklaw.com
*Attorneys for Plaintiff Brian F. Leonard*

Roy L. Jacobs
ROY JACOBS & ASSOCIATES
60 East 42nd Street, 46th Floor
New York, NY 10165
Tel:  (212) 867-1156
rljacobs@jacobsclasslaw.com
*Attorneys for Plaintiff Deborah G. Mallow IRA SEP
Investment Plan*

Laurence D. Paskowitz
PASKOWITZ & ASSOCIATES
60 East 42nd Street, 46th Floor
New York, New York 10016
lpaskowitz@pasklaw.com
Phone: (212) 685-0969
*Attorneys for Plaintiff Christopher Snyder*

Lionel Z. Glancy
Michael Goldberg
GLANCY BINKOW & GOLDBERG LLP
1925 Century Park East, Ste 2100
Los Angeles, CA 90067
Tel:  (310) 201-9150
lglancy@glancylaw.com
mgoldberg@glancylaw.com
*Attorneys for Plaintiff Norman Spiegel*

Steve W. Crow
LAW OFFICES OF DELLUOMO & CROW
5617 N. Classen Blvd.
Oklahoma City, OK 73118
Telephone: (405) 843-0400
Facsimile: (405) 843-5005

Kenyatta R. Bethea OBA #18650
HOLLOWAY, BETHEA & OSENBAUGH
3035 N.W. 63rd Suite 102N
Oklahoma City, OK 73116
Telephone: (405) 246-0600
Facsimile: (405) 810-4080
kbethea@hbolaw.com
*Proposed Liaison Counsel for Plaintiffs*